UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-52 JGB (SHKx)** | Date | December 11, 2020 |
|---|---|---|---|
| Title | *David Lopez v. Coombe Hesperia Road, LLC* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Defendant's Motion for Attorney's Fees (Dkt. No. 31); and (2) VACATING the December 14, 2020 Hearing (IN CHAMBERS)

Before the Court is Defendant Coombe Hesperia Road, LLC's ("Defendant") motion for attorney's fees. ("Motion," Dkt. No. 31.) The Court finds the matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court DENIES the Motion. The hearing scheduled for December 14, 2020 is VACATED.

## I. BACKGROUND

On January 8, 2020, Plaintiff David Lopez filed a complaint against Defendants Coombe-Hesperia Road, LLC and Does 1-100. ("Complaint," Dkt. No. 1.) The Complaint alleges two causes of action: (1) violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181, et seq.; and (2) violation of the Unruh Civil Rights Act ("UCRA"), Cal. Civ. Code § 51, et seq. (See Complaint.)

On September 14, 2020, Defendant Coombe-Hesperia Road filed a motion to dismiss for lack of subject matter jurisdiction. (Dkt. No. 24.) On October 29, 2020, the Court granted Defendant's motion and dismissed the action. ("MTD Order," Dkt. No. 30.) The Court concluded that Plaintiff did not have standing to sue, as he did not establish the requisite intent to return or deterrence from returning to the Defendant's business. (Id.)

Defendant filed the Motion on November 12, 2020, along with the Declaration of James S. Link ("Link Declaration," Dkt. No. 31-2, with Exhibits 1-3 (Dkt. Nos. 31-3 to 31-5)). Plaintiff filed an Opposition on November 23, 2020, ("Opposition," Dkt. No. 32), with the Declaration of Jarrod Y. Nakano ("Nakano Declaration," Dkt. No. 32-2, with Exhibits A-B). Defendant replied on November 25, 2020. ("Reply," Dkt. No. 33.)

## II. LEGAL STANDARD

The ADA permits the "prevailing party" to seek attorney's fees and costs. 42 U.S.C. § 12205. The Supreme Court has held that a prevailing plaintiff under a statute so worded "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (citation and internal quotation marks omitted); see also Jankey v. Poop Deck, 537 F.3d 1122, 1131 (9th Cir. 2008) (noting that recovery is "the rule rather than the exception" in ADA cases) (quoting Herrington v. County of Sonoma, 883 F.2d 739, 743 (9th Cir. 1989)). Additionally, any person found in violation of the UCRA "is liable for . . . any [attorneys'] fees that may be determined by the court . . . ." Cal. Civ. Code § 52(a).

However, the district court has discretion in determining the amount of the fee award. Jankey, 537 F.3d at 1132. In doing so, the district court should provide "a concise but clear explanation of its reasons for the fee award." Id. Specifically, the court must calculate the proper amount of the award to ensure that it is reasonable. Eckerhart, 461 U.S. at 433-34. Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000) (internal citations omitted).

The moving party has the burden to produce evidence that the rates and hours worked are reasonable. See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 623 (9th Cir. 1993). Moreover, while counsel is "not required to record in great detail how each minute of his time was expended," he should "at least . . . identify the general subject matter of his time expenditures." Id. at 427 (quoting Hensley, 461 U.S. at 437). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008) (internal citations omitted). For example, hours may be reduced by the court "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986).

## III. DISCUSSION

Defendant asks the Court to award attorney fees and costs against Plaintiff, arguing that the action was frivolous, unreasonable, or without foundation. (Mot. at 3.) The Court disagrees.

First, because the Court found that it does not have subject matter jurisdiction over Plaintiff's ADA claims, (MTD Order at 5), the Court lacks the authority to award attorneys' fees. Skaff v. Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832, 837 (9th Cir. 2007) ("We must follow the rule that if a plaintiff does not allege standing in its complaint, we have no jurisdiction to hear the case. A court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees."); Oliver v. In-N-Out Burgers, 945 F. Supp. 2d 1126, 1131 (S.D. Cal. 2013) ("A court that dismisses an action for lack of jurisdiction due to standing does not have authority to award attorney's fees."). Defendant cites Alaska Right to Life v. Feldman, 504 F.3d 840, 852 (9th Cir. 2007), for the proposition that "a court may award attorneys' fees and costs even after dismissing for lack of jurisdiction." (Mot. at 3.) But that decision precedes Skaff (even if by a few months), and unlike Skaff, it does not concern the ADA. Defendant's own out-of-circuit authorities recognize that the Ninth Circuit has held that courts generally have "[no] authority to award attorneys' fees under a statutory fee shifting provision when the underlying case falls outside its subject matter jurisdiction." Animal Welfare Inst. v. Feld Entm't, Inc., 944 F. Supp. 2d 1, 12 (D.D.C. 2013).

Even if the Court had authority to award attorneys' fees, Defendant's request would still fail. As a threshold matter, while the party seeking fees must establish that it is the "prevailing party," Defendant fails to make that showing. Molski v. Mandarin Touch Rest., 2005 WL 3719631, at *1 (C.D. Cal. Dec. 9, 2005). The Ninth Circuit has held that a party may be considered a prevailing party for the purpose of awarding attorney's fees where the court has entered judgment on the merits of the litigation. Perez-Arellano v. Smith, 279 F.3d 791, 794 (9th Cir. 2002). However, several courts in this Circuit have held that dismissal on standing grounds is not considered a judgment on the merits entitling a defendant to an award of attorney's fees and costs under the ADA. See, e.g., Feezor v. Lawrence J. Zangari, Inc., 2008 WL 4279410, at *4 (S.D. Cal. Sept. 12, 2008) ("[S]ummary judgment on standing grounds is not considered a judgment on the merits entitling defendants to an award of attorney's fees and costs as prevailing parties under the ADA."); Molski, 2005 WL 3719631, at *1 (same); Fed. R. Civ. P. 41(b) ("... a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction ... operates as an adjudication upon the merits."). Here, the Court granted Defendant's motion to dismiss on standing grounds. (See MTD Order.) Thus, there has been no judgment on the merits, and Defendant is not the prevailing party.

Moreover, as Defendant recognizes, even if judgment had been entered on the merits and Defendant was the prevailing party, a prevailing defendant under the ADA is only entitled to attorney's fees against plaintiff when "plaintiff's action was frivolous, unreasonable, or without foundation." Brown v. Lucky Stores, 246 F.3d 1182 (9th Cir. 2001) (applying test outlined in Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978) to fees and costs for prevailing defendants in ADA cases). That is because fee awards to defendants are reserved for "exceptional circumstances," lest they have "a chilling effect on the filing of ADA lawsuits by plaintiffs." Peters v. Winco Foods, Inc., 320 F.Supp.2d 1035, 1037 (E.D. Cal. 2004), aff'd, 151 F. App'x. 549 (9th Cir. 2005); Watson v. Cty. of Yavapai, 240 F. Supp. 3d 996, 999 (D. Ariz. 2017). A claim is frivolous "when the result is obvious or the ... arguments of error are wholly without merit." C.W. v. Capistrano Unified Sch. Dist., 784 F.3d 1237, 1245 (9th Cir. 2015)

(citation omitted). Defendant argues that Plaintiff and his counsel knew or should have known plaintiff did not have standing to sue based on his lack of intent to return to Defendant's property and the fact that he did not use a wheelchair while asserting a violation that is only applicable to wheelchair users. (Mot. at 4-5.)

The Court cannot conclude that Plaintiff's action was "frivolous, unreasonable, or without foundation." First, the Court made no determination on the merits of the case. Doran v. Holiday Quality Foods, Inc., 2003 WL 24205917, at *2 (E.D. Cal. Oct. 8, 2003) (declining to find action frivolous where court made no determination on the merits). Second, as Plaintiff asserts, Defendant appears to have taken remedial measures as a result of Plaintiff's suit. (Opp'n at 5.) Indeed, Defendant informed Plaintiff that it "removed the parking spaces with the built-up curb ramps" and "installed an additional accessible parking spaces to go along with the compliant parking spaces that previously existed[.]" (Nakano Decl., Ex. A.) "The 3 parking spaces," Defendant's Counsel added, "bring the property into full compliance." (Id.) Defendant's Reply fails to address this argument. The Court therefore agrees with Plaintiff that Defendant's remedial efforts undermine Defendant's argument that the action was "frivolous, unreasonable, or without foundation." Wilson v. PFS, LLC, 2008 WL 789898, at *3 (S.D. Cal. Mar. 20, 2008) ("[T]he Court cannot conclude that Plaintiff's action was 'frivolous, unreasonable, or without foundation' in light of the fact that Defendants remedied each of the violations alleged in the Complaint.").

Plaintiff also argues that his intent to return to Defendant's business was dependent on external circumstances that were not clear at the time of filing the suit. (Opp'n at 6.) In Plaintiff's declaration, he asserts that he sought treatment in the area because he was breeding his dog, which process may take some time. (Lopez Decl. ¶¶ 5-6.) He adds that it became apparent after filing the suit that the breeding had failed. (Id. ¶¶ 8-9.) Because Plaintiff may have subjectively believed he would return to the business at the time of the suit, this also weighs against a finding that this case was frivolous or unreasonable. Lang v. Oregon Shakespeare Festival Ass'n, 738 F. App'x 381, 383 (9th Cir. 2018) (finding that even though plaintiff failed to establish standing, where plaintiff subjectively believed that he was disabled for purposes of the ADA, the case was not frivolous or unreasonable).

Because Defendant has not established that it is a prevailing party within the meaning of the ADA's fee-shifting provision, or that Plaintiff's suit was frivolous, unreasonable, or without foundation, the Court declines to award attorney's fees to Defendant. Defendant's Motion is DENIED.

### IV.  CONCLUSION

For the reasons established above, the Court DENIES Defendant's Motion for attorney's fees.

**IT IS SO ORDERED**